UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BINH C. TRAN,

        Plaintiff,

   v.

K. YOUNG, et al.,

        Defendants.

No. 2:17-cv-1260 DB P

ORDER

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's complaint is before the court for screening.

**I.    Application to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the requests to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.    Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

////

////

**IV. Plaintiff's Allegations**

At all times relevant to this action, plaintiff was a state inmate housed at High Desert State Prison ("HDSP") in Susanville, California. He names as defendants Correctional Officer ("CO") K. Young, CO Carpenter, CO Monk, Counselor K. Lavalleur, Lt. M. Williams, and Chief Deputy Warden R. St. Andre.

Plaintiff's allegations may be fairly summarized as follows:

While at HDSP, plaintiff was housed with a gay cellmate who was twice plaintiff's size. This cellmate bullied, threatened, and tried to sexually assault plaintiff. On an unspecified date(s), plaintiff complained to COs Young, Carpenter, and Monk and asked for a cell change, but none of these defendants took any steps to move plaintiff. Plaintiff then submitted a CDCR 22 form to Counselor Lavalleur asking for a cell-move, but this defendant did not respond.

On March 6, 2015, plaintiff's cellmate "said some homosexual stuff" to plaintiff as the latter was walking by in the dayroom, and plaintiff responded by calling his cellmate a "sick faggot." Plaintiff's cellmate then swung at plaintiff, and a fight ensued.

As a result of the fight, plaintiff was issued a Rules Violation Report ("RVR") and charged with "Fighting." At the March 22, 2015, hearing on the RVR, Lt. Williams served as the hearing officer, refusing to call plaintiff's witness and then falsifying a document that plaintiff did not want any witnesses. Plaintiff entered a plea of not guilty but did testify that he fought in self-defense. Lt. Williams found plaintiff guilty, placed him in solitary confinement for 90 days, and placed him on "C-status" with the loss of certain privileges. Plaintiff claims his punishment was harsher than other individuals with similar charges, a fact that he attributes to discrimination.

Plaintiff filed an inmate grievance concerning his guilty finding. At the second level of review, Chief Deputy Warden St. Andre upheld Lt. Williams's guilty verdict and found no cause to modify the punishment.

Plaintiff brings claims under the Eighth and Fourteenth Amendments, as well as a state law claim for negligence. He seeks damages.

////

////

3

**V.    Discussion**

    **A.    Eighth Amendment Failure to Protect**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted). To establish a violation of this duty, the prisoner must show first, that he was incarcerated under conditions posing a substantial risk of serious harm; and second, that a prison official knew of and was deliberately indifferent to this risk. Id. at 834.

Plaintiff accuses COs Young, Carpenter, and Monk of failing to protect plaintiff when he asked for a cell change after his cellmate "bullied, threaten[ed], and tried to sexually assault plaintiff." These allegations are sufficient to proceed against these defendants, though plaintiff is forewarned that proximate causation may become an issue in this action. That is, even if plaintiff had received a cell change, the fact remains that the fight between plaintiff and his cellmate occurred in the dayroom, not in their shared cell.

Plaintiff's claim against Counselor Lavalleur however fails because there is no allegation that this defendant ever received the CDCR 22 form that plaintiff claims he submitted, and the court declines to impute knowledge on a defendant merely because a plaintiff drafted a communication to him or her. Without allegations demonstrating the requisite mental state, plaintiff fails to state a claim against Lavalleur.

    **B.    Fourteenth Amendment**

        **1.    Equal Protection**

The Equal Protection Clause requires persons who are similarly situated to be treated alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing prison officials intentionally discriminated against a plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702–03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of L.A., 250 F.3d

668, 686 (9th Cir. 2001), or similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Or. Dep't of Agric., 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008).

Here, plaintiff has presented no facts from which the court could infer intentional discrimination. He has not alleged membership in a protected class, and there are no facts to show that plaintiff was intentionally treated differently than similarly situated persons. Plaintiff has thus also failed to state an Equal Protection claim upon which relief may be granted.

### 2. Due Process in Disciplinary Hearings

The requirements of due process are flexible and the procedural protections required are as the particular situation demands. Wilkinson v. Austin, 545 U.S. 209, 224 (2005). Inmates are entitled to certain due process considerations when subject to disciplinary sanctions. Brown v. Oregon Dept. of Corrections, 751 F.3d 983, 987 (9th Cir. 2014). If the inmate is subjected to a significantly sufficient hardship, "then the court must determine whether the procedures used to deprive that liberty satisfied Due Process." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563-71. In addition "[s]ome evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is any

////

evidence in the record that could support the conclusion reached...." Id. at 455-56 (emphasis added).

Plaintiff accuses defendant Lt. Williams of violating his due process rights by refusing to call plaintiff's witness and then falsifying a document in relation thereto. This court finds this allegation sufficient to state a due process claim against Lt. Williams.

### 3. Inmate Appeals Process

Plaintiff brings suit against Chief Deputy Warden St. Andre for his allegedly deficient processing of plaintiff's grievance at the second level of review. Plaintiff, however, does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Problems with the grievance process, such as the failure to respond and/or properly process an appeal, does not in and of itself state a violation of constitutional rights. Since plaintiff has neither a liberty interest nor a substantive right in inmate appeals, he is unable to state a cognizable claim merely for the deficient handling and/or processing of his inmate grievances. Accordingly, plaintiff fails to state a cognizable claim against defendant St. Andre.

### C. State Law Claim: Negligence

Finally, plaintiff asserts a negligence claim. In order to assert this claim, though, plaintiff is required to not only comply with but also plead compliance with California's Government Claims Act ("GCA"). Pursuant to the CGA, a party seeking to recover money damages from a public entity or its employees must present a claim to the California Victim Compensation and Government Claims Board before filing suit in court, generally no later than six months after the cause of action accrues. See Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Timely claim presentation is not merely a procedural requirement of the GCA, but is an element of a plaintiff's cause of action. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007).

Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. Id. This requirement applies in federal court. Karim-Panahi v. Los Angeles Police

6

Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Because plaintiff's pleading does not allege compliance with the GCA's claim presentation requirement, his claim for negligence is subject to dismissal.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if...the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Ariz., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Watison v. Carter, 668 F.3d 1108, 1117-18 (9th Cir. 2012) (even in the presence of cognizable federal claim, district court has discretion to decline supplemental jurisdiction over novel or complex issue of state law of whether criminal statutes give rise to civil liability). The Supreme Court has cautioned that "if the federal claims are dismissed before trial,...the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). If plaintiff has complied with the GCA, the district court will have supplemental jurisdiction over his claims under California law as long as plaintiff has pending federal claims.

**VI.    Conclusion**

On review, the undersigned finds that plaintiff's complaint states a failure to protect claim against COs Young, Carpenter, and Monk and a due process claim against Lt. Williams. All other claims and defendants are subject to dismissal.

The court will grant plaintiff an opportunity to file an amended complaint to cure noted defects. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the court that he wishes to stand on his complaint. See Edwards v. Marin

7

Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). The undersigned then will issue findings and recommendations to dismiss all claims and defendants except Lt. Williams and COs Young, Carpenter, and Monk, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2, 7, 8) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3.      The Clerk's Office shall send plaintiff a blank civil rights complaint form and a copy of his complaint, filed June 16, 2017;

    4.      Within thirty (30) days from the date of this order, plaintiff must file either (a) a first amended complaint curing the deficiencies identified by the court in this order, (b) a notice of voluntary dismissal, or (c) a notice of election to stand on the complaint; and

    5.      If plaintiff fails to comply with this order, the court may recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim, subject to the "three strikes" provision set forth in in 28 U.S.C. § 1915(g).

Dated: January 25, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/tran1260.scrn