UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINH C. TRAN, | No. 2:17-cv-1260 DB P |
| Plaintiff, | |
| v. | ORDER |
| K. YOUNG, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is plaintiff's first amended complaint (ECF No. 16) for screening. For the reasons set forth below, plaintiff will be given the opportunity to proceed on the complaint as screened or file a second amended complaint.

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

////

2

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Allegations in the First Amended Complaint

At all times relevant to this action, plaintiff was a state inmate housed at High Desert State Prison ("HDSP") in Susanville, California. He names as defendants: (1) Correctional Officer ("CO") K. Young; (2) CO Carpenter; (3) CO Monk; (4) Lt. M. Williams; and (5) Chief Deputy Warden R. St. Andre. (ECF No. 16 at 1.)

Plaintiff claims he was housed with a gay cellmate who was twice plaintiff's size and had a history of violence. (Id. at 4.) Plaintiff's cellmate bullied, threatened, verbally harassed, and attempted to sexually assault plaintiff inside the cell. Plaintiff told correctional officers Young, Carpenter, and Monk about the situation with his cellmate and requested to be moved to a different cell. Plaintiff also states he talked to an inmate representative about the issues with his cellmate. He claims officers Young, Carpenter, and Monk told the inmate representative they would not grant plaintiff a cell move. Plaintiff states that in the dayroom his cellmate "said some homosexual stuff" to him as he was walking by, so plaintiff "called him a sick-faggot." (Id. at 6.) Plaintiff states his cellmate swung at him and plaintiff defended himself.

Further, Plaintiff claims during the disciplinary hearing regarding the fighting incident Lt. Williams refused to call the inmate representative to testify as plaintiff requested. He also claims Williams falsified the documents and plaintiff's testimony. As a result, plaintiff was placed on a different privilege group and in disciplinary confinement, even though Williams was aware plaintiff had been disciplinary free for three years. (Id. at 7.) Plaintiff states Williams failed to

1 | follow procedures that requires certain procedures to be followed before a particular condition
2 | could be imposed on plaintiff.

Plaintiff alleges he learned from other inmates that white and Latino inmates had better hearing outcomes for similar infractions. He claims he received an unfair sentence and was treated differently than prisoners of other races.

Plaintiff claims Chief Deputy Warden St. Andre failed to adequately train Lt. Williams. (Id. at 8.) He claims St. Andre was aware of the violation of plaintiff's rights because he processed plaintiff's grievance and failed to overturn the disciplinary conviction.

### III. Does Plaintiff State a § 1983 Claim?

#### A. Eighth Amendment

##### 1. Legal Standards

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted). To establish a violation of this duty, the prisoner must show first, that he was incarcerated under conditions posing a substantial risk of serious harm; and second, that a prison official knew of and was deliberately indifferent to this risk. Id. at 834.

##### 2. Analysis

Plaintiff accuses COs Young, Carpenter, and Monk of failing to protect plaintiff when he asked for a cell change after his cellmate "bullied, threaten[ed], and tried to sexually assault plaintiff." These allegations are sufficient to proceed against these defendants. However, plaintiff is again forewarned that proximate causation may become an issue in this action. That is, even if plaintiff had received a cell change, the fact remains that the fight between plaintiff and his cellmate occurred in the dayroom, not in their shared cell.

////

////

////

4

**B. Fourteenth Amendment Due Process**

**1. Legal Standards**

The requirements of due process are flexible and the procedural protections required are as the particular situation demands. Wilkinson v. Austin, 545 U.S. 209, 224 (2005). Inmates are entitled to certain due process considerations when subject to disciplinary sanctions. Brown v. Oregon Dept. of Corrections, 751 F.3d 983, 987 (9th Cir. 2014). If the inmate is subjected to a significantly sufficient hardship, "then the court must determine whether the procedures used to deprive that liberty satisfied Due Process." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563-71. In addition "[s]ome evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached...." Id. at 455-56 (emphasis added).

**2. Analysis**

Plaintiff accuses defendant Lt. Williams of violating his due process rights by refusing to call plaintiff's witness and then falsifying a document in relation thereto. This court finds this allegation sufficient to state a due process claim against Lt. Williams.

////

////

5

**C. Equal Protection**

    **1. Legal Standards**

The Equal Protection Clause requires persons who are similarly situated to be treated alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing prison officials intentionally discriminated against a plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702–03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of L.A., 250 F.3d 668, 686 (9th Cir. 2001), or similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Or. Dep't of Agric., 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008).

    **2. Analysis**

Plaintiff has alleged that he received harsher punishment for his disciplinary conviction from Lt. Williams than Williams imposed on inmates who are white and Latino and were found guilty of similar infractions. Plaintiff's allegations are minimally sufficient to state a claim for denial of his right to Equal Protection against defendant Williams.

**D. Failure to Train**

    **1. Legal Standards**

A "failure to train" or "failure to supervise" theory can be the basis for a supervisor's liability under § 1983 in only limited circumstances, such as where the failure amounts to deliberate indifference. See City of Canton, Ohio v. Harris, 489 U.S. 378, 387-90 (1989) (A failure to train or supervise may satisfy this criteria if, "in light of the duties assigned to specific officers or employees[,] the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of the constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.") However, "[t]he cases in which supervisors have been held liable under a failure to train/supervise theory involve conscious choices made with full knowledge that a problem existed." Wardell v. Nollette, No.

C05-0741RSL, 2006 WL 1075220, at *3 (W.D. Wash. Apr. 20, 2006) (collecting cases); see also Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003) (to impose liability for supervisor's failure to train, "a plaintiff must usually demonstrate a pattern of violations and that the inadequacy of the training is obviously likely to result in a constitutional violation.")

"A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train, though there exists a 'narrow range of circumstances [in which] a pattern of similar violations might not be necessary to show deliberate indifference.'" Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014) (quoting Connick v. Thompson, 563 U.S. 51, 63 (2011)). In this "narrow range of circumstances," a single incident may suffice to establish deliberate indifference where the violation of constitutional rights is a "highly predictable consequence" of a failure to train because that failure to train is "so patently obvious." Connick, 563 U.S. at 63-64. Further, the identified training deficiency must be casually connected to the ultimate injury. City of Canton, 489 U.S. at 391.

### 2. Analysis

Plaintiff claims St. Andre failed to adequately train Lt. Williams and was aware of the violations of plaintiff's rights and failed to remedy them. Plaintiff alleges St. Andre was aware of the violations based on St. Andre's review of plaintiff's appeal.

Plaintiff has failed to plead any facts from which the court could reasonably infer that St. Andre's failure to train evidenced a "deliberate indifference" to plaintiff's constitutional rights. See Iqbal, 556 U.S. at 678; see also City of Canton, 489 U.S. at 389, 391. Therefore, the allegations of the complaint are insufficient to state a claim upon which relief may be granted against defendants based on any alleged failure to train. See Iqbal, 556 U.S. at 678-79 (legal conclusions must be supported by factual allegations); see also Marsh v. County of San Diego, 680 F.3d 1148, 1159 (9th Cir. 2012) (allegations of an isolated instance of a constitutional violation are insufficient to support a "failure to train" theory).

Additionally, supervisory personnel may not be held liable under § 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v.

Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. Cal. Dep't of Corrs. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 9115-16 (9th Cir. 2012) (en banc). "Vicarious liability may not be imposed on a supervisor for the acts of lower officials in a § 1983 action." Lemire v. Cal. Dep't of Corrs. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citation omitted); see also Iqbal, 556 U.S. at 676.

"A prison official in a supervisory position may be held liable under § 1983, however, if he or she was personally involved in the constitutional deprivation or [if] a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." Lemire, 726 F.3d at 1074-75 (citation omitted). For a sufficient causal connection to exist, the plaintiff usually must show that the supervisor had knowledge of the unlawful conduct. See id. at 1085 (citation omitted) ("The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or should have known would cause others to inflict a constitutional injury."). Accordingly, plaintiff may not state a claim against St. Andre based on his position as a supervisor.

Further, plaintiff may not state a claim against St. Andre based on his allegedly deficient processing of plaintiff's grievance. Plaintiff does not have a protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). As plaintiff was informed in the previous screening order, inmates do not have a liberty interest or a substantive right in inmate appeals and is therefore unable to state a cognizable claim based on the deficient handling and/or processing of his inmate grievances.

Plaintiff has not alleged sufficient facts to state a claim against defendant St. Andre based on his failure to train, position as a supervisor, or his handling of plaintiff's grievance. Thus, St. Andre should be dismissed from this action.

////

////

**AMENDING THE COMPLIANT**

As set out above, plaintiff fails to state a claim against defendant St. Andre. However, plaintiff will be given the option to amend the complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema

////

N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## CONCLUSION

On review, the undersigned finds that plaintiff's complaint states a failure to protect claim against COs Young, Carpenter, and Monk, and due process and equal protection claims against Lt. Williams. Plaintiff has failed to state a claim against defendant St. Andre.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's claim against defendant St. Andre is dismissed with leave to amend for failure to state a claim.

2. Plaintiff has the option to proceed immediately on his claims against defendants Young, Carpenter, Monk, and Williams as set forth in Section III above, or to amend the complaint.

3. Within fourteen days of service of this order plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a second amended complaint.

4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 26, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/tran1260.scrn2

11

|  |  |
|---|---|
| BINH C. TRAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>K. YOUNG, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-1260 MCE DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his claims against defendants Young, Carpenter, Young, and Williams without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing his claim against defendant St. Andre without prejudice.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Binh C. Tran
　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se