UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINH C. TRAN,<br><br>   Plaintiff,<br><br>   v.<br><br>K. YOUNG, et al.,<br><br>   Defendants. | No. 2:17-cv-1260 MCE DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights when they failed to protect him, falsified documents and failed to call a witness during a disciplinary hearing, and treated him differently than other inmates. Presently before the court is plaintiff's motion to appoint counsel. (ECF No. 48.)

In support of his motion to appoint counsel, plaintiff argues that he needs counsel to make use of his discovery rights. Plaintiff alleges that the issues in this case are complex and he is unable to investigate because of the resistance of defendants. Specifically, plaintiff alleges defendants are withholding witness statements. He claims the case requires extensive documentary discovery, depositions of prison officials, and documents that he is not permitted to have. He further states that his ability to litigate is limited because English is his second language and he cannot afford counsel.

////

1

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. The court acknowledges that any pro se litigant "would be better served with the assistance of counsel." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing Wilborn, 789 F.2d at 1331). However, so long as plaintiff is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand, 113 F.3d at 1525 (finding district court did not abuse its discretion under 28 U.S.C. § 1915(e) when it denied the appointment of counsel despite the fact that the inmate "may well have fared better-particularly in the realms of discovery and the securing of expert testimony.").

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 48) is denied.

Dated: October 30, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/tran1260.31

2

3