UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BINH C. TRAN,

    Plaintiff,

v.

K. YOUNG, et al.,

    Defendants.

No. 2:17-cv-1260 MCE DB P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights when they failed to protect him, deprived him of due process during the disciplinary hearing process, and treated him differently than other inmates. Presently before the court is plaintiff's motion to compel (ECF No. 50), defendants' opposition (ECF No. 51), and plaintiff's reply (ECF No. 56). For the reasons set forth below, the court will deny the motion to compel without prejudice.

## MOTION TO COMPEL

### I. Plaintiff's Motion

Plaintiff states he submitted requests for various documents, but defendants are withholding such evidence. (ECF No. 50.) Plaintiff additionally argues that defendants failed to comply with Federal Rule of Civil Procedure 26(a)'s initial disclosure requirement. Plaintiff also states he attempted to resolve the dispute. Plaintiff further argues that defendants' arguments in

1

support of their objections are frivolous. Finally, he argues that each item of evidence he seeks is relevant to his claims. He states that the information could be admissible under Federal Rule of Evidence 404(b) to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." (Id. at 3.)

II. **Defendants' Opposition**

Defendants argue that plaintiff's motion fails to establish what documents he seeks and why the responses are deficient. (ECF No. 51.) Defendants also argue they are immune from initial disclosure requirements. While noting that plaintiff failed to indicate which specific requests are at issue in the motion to compel, defendants provided the requests, their responses, and arguments related to several requests that appear to encompass the request made in plaintiff's motion to compel.

III. **Legal Standards for Motions to Compel**

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). In response to a request for production of documents under Rule 34, a party is to produce all relevant documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P.

37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted). Specifically, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

**IV. Analysis**

**A. This Action is Exempt from Rule 26(a)'s Initial Disclosure Requirement**

Plaintiff claims defendants are withholding evidence because they failed to comply Federal Rule of Civil Procedure 26's initial disclosure requirement. (ECF No. 50 at 3.) However, defendants were not obligated to provide any documents automatically because this action is exempt from the initial disclosure requirement. See Fed. R. Civ. P. 26(a)(1)(B)(iv).

**B. Defendants Cannot Produce Nonexistent Documents**

The court notes that in its response to several of plaintiff's discovery requests that after conducting a reasonable and diligent search no responsive materials were located. (ECF No. 51 at 8, 9, 12.) Plaintiff appears to allege in his reply that defendants have been employed at High Desert State Prison for at least four years prior to the incident and thus defendants must be lying or withholding documents related to other lawsuits filed against the defendants. (ECF No. 56 at

3

2-3.) However, because plaintiff has not provided any factual or legal deficiency that would support his allegation, he must accept the responses provided. See Scott v. Palmer, No 1:09-cv-1329 LJO SKO (PC), 2014 WL 6685810 at *3 (E.D. Cal. Nov. 26, 2014) ("While plaintiff may be disinclined to trust Defendants' discovery responses, he is in a position no different than any other civil litigant: in the absence of legal or fact-based substantive deficiencies, he is required to accept the responses provided.").

### C. Plaintiff's Motion is Procedurally Deficient

Plaintiff's motion simply states that he seeks:
> Any and all discipline and investigation records against the Defendants from the time of their employment at High Desert State Prison; Files about the Defendants including civil suits, misconducts, mistreatment of inmates, and/or reprimands for misbehavior during their employment at High Desert State Prison, and incident reports filed by prison staff, nurse(s), and inmate(s) that related to the Defendants; Any and all grievances, complaints, or other documents concerning the mistreatment of inmates by the Defendants (Monk, Carpenter, K. Young, and M. Williams) and any memoranda, investigative files, or other documents created in response to such complaints and/or witnesses statement.

(ECF No. 50 at 1-2.)

Defendants argue that plaintiff's motion is procedurally deficient because it fails to specify which specific requests are at issue. (ECF No. 51 at 4.) Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis, 2008 WL 860523, at *4. This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113779, at *1. Additionally, Local Rule 250(c) requires a party seeking an order to compel discovery to submit to the court the requests for production which are at issue.

Plaintiff's motion does not identify which specific requests for production he alleges were deficient. Additionally, plaintiff has stated only that defendants' objections are frivolous and that the information he seeks is relevant. He has not provided any additional information explaining

4

why defendants' objections are invalid. Accordingly, he has not met his burden and the court cannot grant the motion.

Additionally, the court notes that as stated in his motion to compel, plaintiff's request is overbroad. Plaintiff has requested records related to any "misbehavior" or "mistreatment" of inmates by the defendants. (ECF No. 56 at 2.) The court finds that such a broad statement is not relevant here where plaintiff claims defendants Young, Carpenter, and Monk, failed to protect him and that defendant Williams violated plaintiff's right to due process and treated him differently than other inmates during the disciplinary hearing process. Had plaintiff moved for information of past complaints or reprimands related to incidents analogous to the claims at issue in this action, the court may have been inclined to grant such a request. However, as stated in the motion to compel, plaintiff's request does not appear to be reasonably calculated to lead to the discovery of admissible evidence. See <u>Valenzuela v. Smith</u>, No. S 04-0900 FCD DAD P, 2006 WL 403842, *2 (E.D. Cal. Feb. 15, 2006) (request for all complaints and investigations against defendants to prove a pattern of medical indifference denied as overbroad and burdensome and for failure to show likelihood of leading to discoverable evidence).

Accordingly, the court will deny the motion to compel without prejudice to its renewal should plaintiff wish to file a renewed motion articulating specific discovery requests at issue seeking information relevant to his claims. Additionally, any renewed motion should articulate why the defendants' objections are not justified.

## V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 50) is denied without prejudice.

Dated: January 7, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/tran1260.mtc

5