UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BINH C. TRAN,

Plaintiff,

v.

K. YOUNG, et al.,

Defendants.

No. 2:17-cv-1260 MCE DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights when they failed to protect him, violated his right to due process during a disciplinary hearing, and treated him differently than other inmates. Presently before the court is defendants fully briefed motion for summary judgment and their motion to strike plaintiff's unauthorized sur-reply. For the reasons set forth below the court will deny defendants' motion to strike and recommend that the motion for summary judgment be granted.

**BACKGROUND**

**I. Procedural History**

This action proceeds on plaintiff's First Amended Complaint ("FAC"). (ECF No. 16.) Upon screening the FAC the court determined that the allegations were sufficient to state a cognizable failure to protect claim against defendants Young, Carpenter, and Monk and due

process and equal protection claims against defendant Williams. (ECF No. 18 at 4-5.) The court further determined that the allegations failed to state a claim against defendant St. Andre. (Id. at 6-8.) Plaintiff was given the option to proceed with the FAC as screened or to amend the complaint.

Plaintiff elected to proceed only on his claims against defendants Young, Carpenter, Monk, and Williams, voluntarily dismissing his claim against St. Andre. (ECF No. 19.) Following service on defendants, this action was referred to the court's Alternative Dispute Resolution program for a settlement conference. The case did not settle (ECF No. 36) and the parties engaged in discovery. Following the close of discovery, the defendants filed the instant summary judgment motion. (ECF No. 53.) Plaintiff has filed an opposition (ECF No. 61) and defendants have replied (ECF No. 62).

**II. Allegations in the Complaint**

Plaintiff has stated the following allegations in the FAC: at all times relevant to this action he was a state inmate housed at High Desert State Prison ("HDSP"). (ECF No. 16.) Plaintiff alleges he was housed with a homosexual cellmate, Vincent Biagas, who was twice his size and had a history of violence. (Id. at 4.) Plaintiff informed correctional officers Young, Carpenter, and Monk of the situation with Biagas and asked to be moved to another cell. Plaintiff also spoke to an inmate representative about the issues with Biagas. Young, Carpenter, and Monk told the inmate representative that they would not allow plaintiff to move to another cell. While plaintiff was in the dayroom, Biagas "said some homosexual stuff" to him as he was walking by, so plaintiff "called him a sick-faggot." (Id. at 6.) Biagas took a swing at him and plaintiff defended himself.

Plaintiff further alleges that during the disciplinary hearing regarding the fight Lieutenant Williams refused to call the inmate representative to testify as plaintiff requested. Williams also falsified documents and plaintiff's testimony. As a result, plaintiff was placed on a different privilege group and in disciplinary confinement, even though Williams was aware plaintiff had been disciplinary free for three years in violation of prison procedure. (Id. at 7.) Plaintiff claims he learned from other inmates that white and Latino inmates had better hearing outcomes for

similar infractions. He alleges his sentence was unfair and he was treated differently that prisoners of other races.

## MOTION TO STRIKE

Plaintiff filed an additional opposition in response to defendants' reply brief. (ECF No. 63.) Defendants moved to strike plaintiff's second opposition to their reply as an unauthorized sur-reply.[1] (ECF No. 64.) In support of their motion they argue that plaintiff has not moved for leave to file a sur-reply, has raised new issues for the first time in his unauthorized sur-reply, and has failed to show that there is a genuine issue of material fact.

The Local Rules provide for a motion, an opposition, and a reply. See E.D. Cal. R. 230(l). There is nothing in the Local Rules or the Federal Rules that provides the right to file a sur-reply. The court generally views motions for leave to file a sur-reply with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citation omitted). However, district courts have the discretion to either permit or preclude a sur-reply. See JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file a sur-reply where it did not consider new evidence in reply).

Defendants have correctly argued that plaintiff does not have the right to file a sur-reply. Additionally, plaintiff has failed to file a motion seeking leave to file a sur-reply. However, in light of plaintiff's pro se status the court will deny motion to strike. The court has reviewed plaintiff's sur-reply but finds that the arguments raised in the sur-reply do not change the court's analysis of summary judgment motion.

## MOTION FOR SUMMARY JUDGMENT

Defendants argue their motion for summary judgment should be granted because defendants Young, Monk, and Carpenter were not aware of any security concerns, they were not present at the altercation, and did not cause plaintiff's harm. (ECF No. 53-1 at 8.) They further argue that plaintiff failed to exhaust administrative remedies as to defendant Williams.

---

[1] "A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed." Rushdan v. Davey, No. 1:16-cv-0988 GSA PC, 2020 WL 2556549, at *1 (E.D. Cal. May 20, 2020).

Plaintiff argues defendants were aware of his safety concerns, Young was present during the altercation, and that the court should find that his efforts to exhaust administrative remedies were sufficient to satisfy the exhaustion requirement. (ECF No. 60.)

**I.    Legal Standards – Summary Judgment under Rule 56**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec.

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 248.

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa Cnty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (per curiam) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record is taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

On a motion for summary judgment, it is inappropriate for the court to weigh evidence or resolve competing inferences. "In ruling on a motion for summary judgment, the court must leave '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts' to the jury." Foster v. Metropolitan Life Ins. Co., 243 Fed.Appx. 208, 210 (9th Cir. 2007) (quoting Anderson, 477 U.S. at 255).

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an

affirmative defense that must be raised in a motion for summary judgment rather than a motion to dismiss. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for non-exhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with the defendant, however. Id. If material facts are disputed, summary judgment should be denied, and the "judge rather than a jury should determine the facts" on the exhaustion question, id. at 1166, "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue," id. at 1170-71.

**II.     Legal Standards – Eighth Amendment**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128-29 (9th Cir. 1998). Because "only the unnecessary and wanton infliction of

pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis, and citations omitted).

## III. Legal Standards – Exhaustion

### A. Prison Litigation Reform Act

Because plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Regardless of the relief sought, a prisoner must pursue an appeal through all levels of a prison's grievance process as long as some remedy remains available. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner, 532 U.S. 731, 736 (2001)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 136 S. Ct. 1850, 1858 (2016) (brackets in original). In discussing availability in Ross the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or

intimidation." Id. at 1859-60. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'" Id. at 1856. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 1857.

"[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007). It is the defendant's burden "to prove that there was an available administrative remedy." Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

A prisoner is required to exhaust administrative remedies before filing suit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curium). Section 1997e(a) mandates that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted. 42 U.S.C. § 1997e(a). "The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained." Booth, 532 U.S. at 738. "Exhaustion subsequent to the filing of suit will not suffice." McKinney, 311 F.3d at 1199.

**B. California Regulations Governing Exhaustion of Administrative Remedies**

"The California prison system's requirements 'define the boundaries of proper exhaustion.'" Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S. at 218). In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 90 (2006). California regulations allow a prisoner to "appeal" any action or inaction by prison staff that has "a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The appeal process is initiated by the inmate's filing a "Form 602" the "Inmate/Parolee Appeal Form," "to describe the specific issue under appeal and the relief requested." Id. § 3084.2(a).

"The California prison grievance system has three levels of review: an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654,

657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

**IV. Material Facts**

Defendants filed a Statement of Undisputed Facts ("DSUF") as required by Local Rule 260(a). (ECF No. 53-2.) Plaintiff's filing in opposition to defendants' motion for summary judgment fails to strictly comply with Local Rule 260(b). (ECF No. 60.) Rule 260(b) requires that a party opposing a motion for summary judgment "reproduce the itemized facts in the State of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." However, in light of plaintiff's pro se status the court has reviewed plaintiff's filings in an effort to discern whether he denies any material fact in defendants' statement of undisputed facts.

The court is mindful of the Ninth Circuit's instruction that district courts are to "construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). Accordingly, the court considers the record before it in its entirety despite plaintiff's failure to be in strict compliance with the applicable rules. However, only those assertions in the opposition that have evidentiary support in the record will be considered. In light of plaintiff's pro se status, the court has reviewed plaintiff's filings in an effort to discern whether he denies any material fact asserted in the defendant's DSUF. While the parties dispute a number of facts, the court's findings do not depend on any of those disputed facts.

**A. General Facts**

At all times relevant to the claim, plaintiff was a state inmate incarcerated at HDSP. (DSUF (ECF No. 53-2) at ¶ 1.) Defendants Young, Monk, and Carpenter were correctional officers working at HDSP. (DSUF (ECF No. 53-2) at ¶ 5.) Defendant Williams was a correctional lieutenant at HDSP in March 2015. (DSUF (ECF No. 53-2) at ¶ 6.)

////

**B. Facts Relating to Cell Assignment and Physical Altercation**

From November 2014 to March 2015 plaintiff was celled with inmate Vincent Biagas. (DSUF (ECF No. 53-2) at ¶ 4.) Plaintiff submitted requests seeking to move from the cell he shared with Biagas. (Pl.'s Oppo. (ECF No. 63) Exh. D at 41-43.) Plaintiff wanted a cell change because Biagas "was into homosexual stuff," had indicated "he want[ed] to experience it with [plaintiff]," and persisted even after plaintiff told him he was not interested. (Id.)

On March 6, 2015, plaintiff and Biagas were in the dayroom at HDSP. (DSUF (ECF No. 53-2) at ¶ 7.) Biagas said "some homosexual stuff to plaintiff," and plaintiff called Biagas "a sick faggot." (DSUF (ECF No. 53-2) at ¶ 7.) Biagas punched plaintiff. (DSUF (ECF No. 53-2) at ¶ 8.) Plaintiff punched Biagas in response. (DSUF (ECF No. 53-2) at ¶ 9.)

**C. Facts Relating to Disciplinary Hearing**

On March 17, 2015 plaintiff received a copy of California Department of Corrections and Rehabilitation ("CDCR") 115 Rules Violation Report (RVR), Log No. FB-15-03-004, documenting a serious rules violation for fighting with inmate Biagas. (DSUF (ECF No. 53-2) at ¶ 15.) Williams served as the Senior Hearing Officer ("SHO") for plaintiff's March 22, 2015 RVR hearing. (DSUF (ECF No. 53-2) at ¶ 17.) Williams determined plaintiff was guilty of fighting based on plaintiff's response to questions, his reddened knuckles, and the reporting employee's observation of plaintiff fighting with Biagas. (DSUF (ECF No. 53-2) at ¶¶ 21, 22.) As a result of the guilty finding, plaintiff was assessed 90 days loss of behavioral credit and placed on privilege group C. (DSUF (ECF No. 53-2) at ¶ 23.)

**D. Facts Relating to Exhaustion**

HDSP has an administrative grievance process consisting of three levels of review. (DSUF (ECF No. 53-2) at ¶ 29.) Plaintiff submitted grievance log no. HDSP-B-15-1029, dated April 16, 2015, regarding the disciplinary hearing in which he was found guilty of fighting. (DSUF (ECF No. 53-2) at ¶ 32.) Plaintiff indicated on the form that he felt the punishment he received was too harsh. (Def.'s Exhibits (ECF 53-3) Exh. G at 57-59.) A second level response was issued on June 17, 2015. (DSUF (ECF No. 53-2) at ¶ 33.) The second-level response stated the charge was appropriately classified as a Division D offense and that due process time

constraints were met and indicated that plaintiff's loss of privileges was appropriate under CCR 3315(f)(5)(C). (DSUF (ECF No. 53-2) at ¶¶ 34, 35.) Plaintiff was instructed that he could seek Third Level Review if he was dissatisfied with the second level response. (DSUF (ECF No. 53-2) at ¶ 36.) Plaintiff did not submit grievance HDSP-B-15-1029 for third level review. (DSUF (ECF No. 53-2) at ¶ 37.)

Plaintiff filed grievance HDSP-B-15-1263 regarding prison officials' failure to grant him a cell move away from inmate Biagas. (Pl.'s Compl. (ECF No. 16 at 18-21; Def.'s Exhibits (ECF No. 53-3) Exh. I at 122-25.) Plaintiff pursued grievance HDSP-B-15-1263 through all three levels of review. (Def.'s Exhibits (ECF No. 53-3) Exh. I at 120 -21.)

## V. Analysis

### A. Eighth Amendment Claim

In support of their motion for summary judgment on plaintiff's Eighth Amendment claim defendants argue in part that plaintiff cannot show that the harm he suffered was the foreseeable result of the defendants' failure to grant his request for a cell change.

More specifically, defendants allege that plaintiff cannot show that he would not have been injured but for defendants' actions. (ECF No. 53-1 at 15.) Plaintiff's actions in responding to Biagas' statement escalated the conflict and ultimately caused the harm he suffered. (Id.) They also argue that because the fight happened in the dayroom, rather than in their shared cell, that defendants' failure to grant plaintiff a cell change did not cause plaintiff's harm. (Id. at 15-16.)

"In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury . . . . To meet this causation requirement the plaintiff must establish both causation-in-fact and proximate causation." Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008) (citations omitted). This means that plaintiff's injury would not have occurred but for the defendants' conduct (actual causation) and no unforeseeable intervening cause occurred that would supersede defendants' liability (proximate causation). Conn v. City of Reno, 591 F.3d 1081, 1098-1101 (9th Cir. 2010), vacated by 131 S. Ct. 1812 (2011), reinstated in relevant part by 658 F.3d 897 (9th Cir. 2011)).

Plaintiff has not alleged that he was not involved in the physical altercation with Biagas. Rather, he has acknowledged that once Biagas initiated a physical confrontation, he "fought back because [he] was defending himself." (Pl.'s Compl. (ECF No. 16) at 19.) Because plaintiff willingly entered into a verbal and physical altercation with his cellmate outside of their shared cell, his own actions were the proximate cause of any injury. See Garces v. Degadeo, No. 1:06-cv-1038 JAT, 2010 WL 796831 at *4 (E.D. Cal. Mar. 5, 2010). Thus, defendants' failure to grant plaintiff's request for a cell move, did not cause plaintiff's harm.

A failure to show a material issue of fact exists on the issue of causation is sufficient to support a finding that summary judgment should be granted for defendants. Leer v. Murphy, 844, F.2d 628, 634 (9th Cir. 1988) (upholding district court's grant of summary judgment based on a finding that inmates failed to raise a material issue of fact concerning the requisite causal connection between the prison official's actions and the alleged Eighth Amendment violation). Accordingly, summary judgment should be granted in favor of defendants Monk, Carpenter, and Young on plaintiff's Eighth Amendment claim.

**B. Failure to Exhaust Claims Against Williams**

Defendants argue that plaintiff failed to fully exhaust his claims against defendant Williams. (ECF No. 53 at 16-17.) Plaintiff argues that grievance HDSP-B-15-1263 satisfies the exhaustion requirement for all of his claims, Williams had knowledge of plaintiff's claim, and he did not need to exhaust because was seeking only money damages. The court will address each of plaintiff's arguments in turn. (ECF No. 60 at 23-25.)

**1. HDSP-B-15-1029 was Not Submitted for Third Level Review**

Plaintiff submitted two administrative grievances related to the claims in this action. Plaintiff submitted grievance HDSP-B-15-1029 in which he challenged the guilty finding at his rules violation report ("RVR") hearing and his placement on privilege group C as a result of the guilty finding. (ECF No. 53-3 at 52-116.) Plaintiff also submitted grievance HDSP-B-15-1263 regarding his request for a cell move and officers' failure to protect him from his cellmate. (ECF No. 53-3 at 119-190.) It is undisputed that plaintiff exhausted HDSP-B-15-1263 by submitting

////

the grievance to the third level for review. The parties also agree that plaintiff submitted HDSP-B-15-1029 for second level review but did not submit the grievance for third level review.

**2. HDSP-B-15-1263 Does Not Exhaust Claims as to Williams**

Plaintiff claims that grievance HDSP-B-15-1263 was sufficient to exhaust all of his claims in this action. As stated above, grievance HDSP-B-15-1263 concerned plaintiff's request for a cell move. Defendants note that plaintiff attempted to include facts regarding his disciplinary hearing when he submitted grievance HDSP-B-15-1263 for third level for review. However, plaintiff was informed that the new issues added were not addressed and thereby unexhausted. (ECF No. 60 at 90.)

In order to fully exhaust administrative remedies an appeal must put prison officials on notice of the claim. Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) ("A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress."). A prisoner puts officials on notice when he provides the detail required by the prison's regulation. Id. (citing Jones, 549 U.S. at 218). Plaintiff did not include facts related to the disciplinary hearing in his initial submission of grievance HDSP-B-15-1263. (Pl. Compl. (ECF No. 16) at 18-21; Def.'s Exhibits (ECF No. 53-3) Exh. I at 122-25.) Plaintiff was informed in the third level decision that his addition of facts relating to the disciplinary hearing were not considered in the third level review and did not serve to exhaust those allegations. (ECF No. 60 at 90.)

Grievance HDSP-B-15-1263 related to plaintiff's claim that defendants Monk, Carpenter, and Young violated his rights by failing to grant him a cell move. Thus, it did not serve to put prison officials on notice of his claim that defendant Williams violated his rights during the disciplinary hearing.

**3. Money Damages are not an Available Remedy**

Plaintiff argues that he did not have to pursue his administrative grievance through all three levels of review because the relief he sought, money damages, was not an available remedy in the administrative grievance process. (ECF No. 60 at 24-25.)

////

The Supreme Court held in Booth v. Churner that under 42 U.S.C. § 1997e(a) "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." 532 U.S. 731, 741 fn.6 (2001). "The Booth v. Churner decision effectively overruled the earlier Ninth Circuit decision in Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999) cert. denied, 528 U.S. 1074 (2000),[2] which had provided that exhaustion of administrative remedies was not required if a prisoner's section 1983 claim seeks only money damages and the grievance process does not allow for such an award." See Rathburn v. Johnson, No. CV F-00-6713 OWW DLB P, 2001 WL 37121289 at *1 Fn.1 (E.D. Cal. June 28, 2001) overruled on other grounds by Rathburn v. Johnson, 52 Fed.Appx. 924 (9th Cir. 2002).

Accordingly, plaintiff was not relieved of his obligation to fully exhaust grievance HDSP-B-15-1029 because the remedy sought was not available through the prison grievance procedure.

**4. Williams had Notice of the Problem**

Plaintiff argues that defendant Williams reviewed grievance HDSP-B-15-1263 with the newly included allegations and was thus on notice of plaintiff's claim. (ECF No. 60 at 23.) Defendants argue in their reply that plaintiff attempted to include new facts to the appeal that was based on the failure to accommodate his cell move, but that the new issues were not addressed and were not exhausted. (ECF No. 62 at 6-7.)

That Williams was aware of plaintiff's claim, is not sufficient to satisfy the PLRA's exhaustion requirement. The only exception provided for by the PLRA is when administrative remedies are unavailable. Ross, 136 S. Ct. at 1859-60. Plaintiff does not argue that administrative remedies were unavailable. Thus, it is undisputed that plaintiff failed to present his administrative grievance regarding Williams' actions during the disciplinary hearing to the third level for review. Accordingly, the court finds that plaintiff failed to exhaust administrative remedies as to his claim that Williams violated his right under the Due Process and Equal Protection clauses of the Fourteenth Amendment.

---

[2] Plaintiff cited Rumbles and other pre-Booth cases in support of his argument that he was not required to pursue administrative remedies because he sought money damages. (ECF No. 60 at 25.)

Because plaintiff failed to exhaust administrative remedies as to his claims against defendant Williams, the court will recommend that defendants' motion for summary judgment be granted as to plaintiff's claims against Williams. Additionally, because the court finds that plaintiff has failed to exhaust these claims, it is not necessary to address the remaining arguments as to these claims.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that defendants' motion to strike (ECF No. 64) is granted.

IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (ECF No. 53) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 15, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/tran1260.msj.f&rs